IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| LEGACY HEALTH CARE, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN SEBELIUS, Secretary of United States Department of Health and Human Services,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART CROSS MOTIONS TO AMEND JUDGMENT<br><br><br><br>Case No. 1:09-CV-149 TS |

This matter is before the Court on cross Motions to Amend the Judgment in this case. For the reasons discussed below, those Motions will be granted in part.

I. BACKGROUND

On June 16, 2010, the Court issued its Memorandum Decision and Order finding that: the Court has jurisdiction over this matter, that Plaintiff has standing, and that 42 C.F.R. § 418.309(b)(1) is invalid.[1] On June 21, 2010, Judgment was entered, stating "that judgment be

---

[1]Docket No. 58.

1

entered in favor of the plaintiff and Health and Human Services' regulation 42 C.F.R. § 418.309(b)(1) is determined to be invalid."[2] Both parties now move to amend the Judgment in certain respects, though they differ on some points as to how the Judgment should be amended.

## II. DISCUSSION

Both parties agree that the Judgment must be amended in certain respects. First, the parties agree that the Judgment should reference both Plaintiffs (Legacy Health Care and Hearts for Hospice) as this is a consolidated action.[3] Second, the parties agree that the Judgment should specifically set aside and hold unlawful the challenged regulation. Third, the parties agree that the Judgment should be amended to set aside the challenged FY 2008 repayment demands for both Legacy Health Care and Hearts for Hospice.

Plaintiffs further argue that the Judgment should be amended to: (1) prospectively enjoin HHS from using the current version of 42 C.F.R. § 418.309(b)(1) to calculate Plaintiff's cap liability; and (2) order HHS to return to Plaintiffs any monies collected under the unlawful cap demands (including interest), or credit such monies, with interest, towards new, valid demands. Defendant, on the other hand, argues that this matter should be remanded to HHS for a recalculation of Plaintiff's cap liability for FY 2008 using a methodology consistent with 42 U.S.C. § 1395f(i)(2).

---

[2]Docket No. 60.

[3]Docket No. 23.

The Court agrees that the Judgment should be amended. The Court will amend the Judgment as agreed upon by the parties and will discuss each of these disputed amendments below.

A.   PROSPECTIVE INJUNCTION

As with the other issues presented in this action, a number of courts have addressed this issue. One court has stated: "The [Administrative Procedure Act] . . . permits the court to enjoin the Secretary from prospectively using § 418.309(b)(1) to calculate plaintiff's cap and from enforcing the intermediary's overpayment determinations against plaintiff because the federal government, through 5 U.S.C. § 702, has waived its sovereign immunity in actions 'seeking relief other than money damages.'"[4]

The Court agrees with these courts and will grant Plaintiffs prospective injunctive relief. The Court sees no need to enter a nationwide injunction as such relief has been entered by another court.[5]

B.   RETURN OR CREDIT OF COLLECTED MONIES

Plaintiffs also seek the return of funds previously collected by HHS. "[5 U.S.C. §] 702 also permits the court to order the Secretary to return all monies that plaintiff has already repaid pursuant to the 2006 and 2007 overpayment determinations."[6] Thus, the Court will order a return

---

[4]*Lion Health Servs., Inc. v. Sebelius*, 689 F.Supp. 2d 849, 857-58 (N.D. Tex. 2010) (citing 5 U.S.C. § 702).

[5]*Los Angeles Haven Hospice, Inc. v. Sebelius*, No. 2:08-CV-4469-GW-RZ, 2009 WL 5865294, *1 (C.D.Cal. July 13, 2009).

[6]*Lion Health Servs., Inc.*, 689 F.Supp. 2d at 858.

of prior payments, except that HHS may credit any portion of such prior payments to a new cap repayment demand to Plaintiffs for 2008, such demands to be calculated in accordance with 42 U.S.C. § 1395f(i)(2).

C.   REMAND TO HHS

Defendant seeks to have this matter remanded to HHS for a recalculation of Plaintiffs' 2008 cap liability using a formula that is consistent with 42 U.S.C. § 1395f(i)(2). While the Court agrees that remand to HHS is appropriate, the Court disagrees that it is appropriate to instruct HHS on how it should recalculate the cap payments. That is a matter for the agency.

### III.  CONCLUSION

It is therefore

ORDERED that the parties' cross Motions to Amend (Docket Nos. 61 and 63) are GRANTED IN PART as set forth above. The Court shall issue an Amended Judgment in accordance with this Order.

DATED   August 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge